NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLIVE AMROY ANTHONY BROWN, | : | **Hon. Susan D. Wigenton** |
| Petitioner, | : | |
| | : | Civil No. 12-7951 (SDW) |
| v. | : | |
| ERIC H. HOLDER, JR., et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES**:

    CLIVE AMROY ANTHONY BROWN, A 205 015 559
    Essex County Correctional Center
    354 Doremus Avenue
    Newark, New Jersey 07105
    Petitioner Pro Se

**WIGENTON**, District Judge:

    On November 29, 2012, Clive Amroy Anthony Brown filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his post-removal order detention since April 5, 2012, at Essex County Correctional Center in the custody of the Department of Homeland Security ("DHS") without a bond hearing. See Brown v. Hendrix, Civ. No. 12-7441 (SDW) (D.N.J. filed Dec. 3. 2010). This Court summarily dismissed that petition on December 10, 2012, because Brown did not allege facts showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as required by Zadvydas v. Davis, 533 U.S. 678, 701 (2001), to make the government respond with evidence sufficient to rebut that showing.

Brown filed the present § 2241 Petition on December 20, 2012.  This Petition also challenges Brown's post-removal period detention, and seeks "declaratory and injunctive relief to review the egregious unlawfulness of Petitioner's prolonged detention by the Immigration and Customs Enforcement (ICE) for roughly fourteen (14) months."  (ECF No. 1 at 1.)  Brown maintains that, because the Immigration Judge ordered his removal to Jamaica on April 5, 2012, and DHS has not conducted a "hearing where the government bore the burden of demonstrating that his prolonged detention was justified," his "prolonged detention do[es] not bear any reasonable relation to his removal."  (ECF No. 1 at 5, 6.)  This Court will again dismiss the Petition without an answer, however, because Brown has again failed to assert facts showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as required by Zadvydas, 533 U.S. at 701, to make the government respond with evidence sufficient to rebut that showing.

## I.  BACKGROUND

Clive Amroy Anthony Brown challenges his detention at Essex County Correctional Facility since April 5, 2012, when an Immigration Judge ordered his removal to Jamaica.  Most of the Petition cites case law, but the following facts are set forth:

> In the case sub judice, Petitioner has been detained since May 20, 2011 and continuing to the time of the filing of this Petition.  On April 5, 2012 a final order of removal was lodged against Petitioner.  Therefore, it may be argued that Petitioner's detention status has been switched from pre-removal order (Pursuant to § 1226(c) to post-removal order (Pursuant to § 1231(a)(6))).  **It may also be argued that Petitioner has been in post-removal order status for six-months - a period considered by some courts to constitute prolonged detention.**

(ECF No. 1 at 9) (emphasis in original).

2

Brown maintains that "[t]he gist of the issue is that the government may not subject immigration detainees for prolonged period of time without a bond hearing where the government must show that continued detention is justified." (ECF No. 1 at 8.) Brown seeks a writ of habeas corpus "directing the Respondents to bring petitioner to this Court . . . to explain why the petitioner should not be released from custody immediately," a declaratory judgment stating that he is eligible to be released on bond and that he is not a flight risk or a danger to the community, an order releasing him from DHS custody, or an order directing an Immigration Judge to conduct a bond hearing. (ECF No. 1 at 12-13.)

In an undated letter labeled Civil No. 12-7441 (SDW), which was also docketed in that action, Brown asserts the following additional facts:

> Petitioner has provided ICE with evidence that he will not be removed in the near foreseeable future.  U.S. Immigration and Custom Enforcement has detained Petitioner for roughly fourteen (14) months and still counting, his final order was April 5, 2012 . . . .
>
> Petitioner has accepted his removal order and is awaiting to be remove[d] from the United States.  However, ICE [ha]s made numerous attempts to obtain Petitioner travel documents from the Jamaican Consulate and was unsuccessful . . . .
>
> There is no set time for Petitioner to be removed from the United States, therefore ICE will not prevail on grounds that Petitioner['s] removal from the U.S. is foreseeable in the near future.  Petitioner is entitled to relief and the merit of this petition is highly successful, therefore the District Court should grant Petitioner Habeas Corpus for Petitioner prolong[ed] detention violates his Constitutional Rights under the Fifth Amendment.  Immigration and Customs Enforcement "ICE" has tried numerous times to get travel documents and was not successful.

(ECF No. 1-2 at 2.)

3

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights.  See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).  Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief."  Id.; see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)

4

(habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.  Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . .").  See Demore v. Kim, 538 U.S. 510 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").  Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period."  See  8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').")  8 U.S.C. § 1231(a)(1)(A).

This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

Brown correctly asserts that the Supreme Court held in Zadvydas that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. Id. at 701. But the Supreme Court also held that, to state a claim under § 2241, the alien must provide in the petition good reason that there is no significant likelihood of removal in the reasonably foreseeable future:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of

> course, does not mean that every alien not removed must be
> released after six months. To the contrary, an alien may be held in
> confinement until it has been determined that there is no significant
> likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

In this case, Brown states that an Immigration Judge ordered his removal on April 5, 2012. Nothing in the Petition insinuates that Brown appealed the order of removal to the Board of Immigration Appeals and, in the absence of an appeal, the order of removal became final[1] on May 7, 2012, when the time for seeking review by the BIA expired. See 8 C.F.R. § 1240.15 (An appeal from a decision of an immigration judge to the BIA "shall be filed within 30 calendar days after the mailing of a written decision, the stating of an oral decision, or the service of a summary decision"). Since the removal period begins on the "date the order of removal becomes administratively final," 8 U.S.C. § 1231(a)(1)(B)(i), Brown's removal period began on May 7, 2012, when the time to appeal to the BIA expired. Accordingly, the six-month presumptively reasonable period of post-removal-period detention expired on November 7, 2012.

However, "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months." Zadvydas, 533 U.S. at 701. Contrary to Brown's contention, the burden to show that removal is foreseeable does not fall on DHS. Rather, the Zadvydas Court expressly held that the alien must provide good reason to believe removal is not foreseeable before DHS will be required to respond: "After this 6-month period, once the alien

---

[1] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); see also 8 C.F.R. § 1241.1; Giraldo v. Holder, 654 F.3d 609, 611 (6th Cir. 2011); Hakim v. Holder, 611 F.3d 73, 77 (1st Cir. 2010); Chupina v. Holder, 570 F.3d 99, 103 (2d Cir. 2009); United States v. Calderon-Minchola, 351 Fed. App'x 610, 611 n.1 (3d Cir. 2009).

provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701; see also Barenboy v. Attorney General of U.S., 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

The instant Petition must be dismissed because Mr. Brown "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Encarnacion-Mendez v. Attorney General of U.S., 176 Fed. App'x 251, 254 (3d Cir. 2006).[2] Although Brown states in the letter that he "has provided ICE with evidence that he will not be removed in the near foreseeable future," Brown neglects to specify the nature of this evidence in the letter or the Petition. In the absence of this factual showing by Brown, Zadvydas requires this Court to again dismiss the Petition without ordering the government to respond, as Brown has not alleged that his detention violates the Constitution, laws or treaties of the United States. See, e.g., Joseph v. United States, 127 Fed. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here"); Soberanes v. Comfort, 388 F. 3d 1305 (10th Cir.

---

[2] Petitioner does not contend that he is entitled to habeas relief on the ground that DHS failed to comply with regulations. See 8 C.F.R. § 241.4.

8

2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").  The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) in the event that Brown can allege facts showing good reason to believe that there is no significant likelihood of his removal to Jamaica in the reasonably foreseeable future.

### III.  CONCLUSION

The Court will dismiss the Petition.

S/ SUSAN D. WIGENTON, U.S.D.J.

DATED: February 28, 2013